Vail v. Male.

LAURA A. VAIL et al., appellants,

*v.*

JOB MALE, respondent.

A decree of the orphans court discharging an executor on his own applica-
tion, reversed for want of notice, or any adjudication that none was necessary.

On appeal from decree of Union orphans court.

*Mr. J. W. Taylor*, for appellants.

*Mr. W. B. Maxson*, for respondent.

THE ORDINARY.

The appeal is from a decree of the Union orphans court dis-
charging Job Male from his office as one of the executors of
Stephen Vail, deceased. The petition on which the decree was
made (it is sworn to by the petitioner) states that he and two
others were appointed executors; that they all proved the will;
that the estate has been administered entirely by the other two
executors, who still have entire charge of it, and that the peti-
tioner wishes to be discharged because he is growing old and is
much occupied with his own business. The decree appears to
have been made without any notice or proof save the affidavit of
the petitioner to the petition. It recites that the court had ex-
amined into the matter, and that it appeared to its satisfaction
that the discharge would not be prejudicial to the estate. The
eleventh rule of the orphans court provides that on such appli-
cations, at least thirty days' notice in writing shall be given to
all the parties interested, or to such of them as the court shall
direct, unless the orphans court shall, for good cause shown,

NOTE.—An executor is entitled to notice before he can be removed, *Mur-
ray v. Oliver, 3 B. Mon. 1; Hostetter's Appeal, 6 Watts 244; Taggart's Case, 1
Ashm. 331.*—REP.

otherwise order. As before stated, it does not appear that any notice was given, nor that for any reason it was deemed proper by the orphans court to dispense with notice. For this cause, the decree must be reversed, with costs.